Defendant-appellant Anthony Senyak appeals from the trial court's finding that he is a sexual predator pursuant to R.C. Chap. 2950, also known as H.B. 180, and subject to the requirements of that legislation. Defendant appeals raising numerous constitutional and other challenges to the new legislation. For the reasons hereinafter discussed, we find no reversible error and affirm the judgment below.
Defendant was indicted on March 11, 1992 in CR-279414(A), for two counts of rape of a child under the age 13 years old (R.C.2907.02) and two counts of child endangering (R.C. 2929.12). The victims were his four-year-old twin daughters.
Following a plea bargain on May 29, 1992, defendant pled guilty to one count of rape, amended to delete the use or threat of force, an aggravated felony of the first degree. The remaining counts were nolled. Defendant was sentenced to eight to twenty-five years incarceration, with eight years actual incarceration.
Following enactment of H.B. 180 on April 29, 1997, the defendant was returned to the Common Pleas Court for a sexual predator hearing pursuant to the new Act. Defendant was represented by assigned counsel who filed a motion to dismiss the proceedings on the grounds that H.B. 180 was unconstitutional as an ex post facto or retroactive law. These motions were denied by the trial court. (Tr. 4, 8).
The factors the trial court took into account in its sexual predator determination were defendant's prior criminal record and the fact that the victims were the defendant's twin daughters who were four years old at the time he anally and vaginally raped them. The trial court also considered the victims' statements to social workers and their medical records. (Tr. 10, 11). The court also received into evidence the defendant's pre-sentence report.
The trial court concluded its findings as follows:
 THE COURT: The Court will receive [Exhibits] 1 through 4 and take judicial notice on this case and earlier cases, to include, but not limited to, the same of a drug case [sic] that was evidenced as a result of the sentencing October 11th, 1984, and I'm going to make a determination. Mr. Senyak, based upon your history, based upon the facts and circumstances in this case, based upon the plea that you voluntarily entered to one of the various counts you faced, that being rape, involving both the vaginal and anal intercourse of your children, that you are in fact a sexual predator.
(Tr. 12).
The Court then informed the defendant what his obligations would be upon his release since he was found to be a sexual predator. (Tr. 12-14).
Defendant's timely appeal to this Court followed. We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion.
 I. H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
At the time defendant and the State filed their briefs herein, the Ohio Supreme Court had not yet addressed the constitutionality of H.B. 180. Since then the Ohio Supreme Court has decided State v. Cook (1998), 83 Ohio St.3d 404 which contains a helpful historical analysis and the legislative background of "Megan's Law," i.e., those class of cases in which sexual offenders are identified and obliged to register with public authorities from whom notification is sent to neighbors or other interested parties. The Cook decision expressly addressed the constitutionality of H.B. 180 and found no ex post facto or retroactive infirmity in a constitutional sense in the new legislation. The Cook syllabus states as follows:
 R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II of the Ohio Constitution.
 R.C. 2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I of the United States Constitution.
Given the Supreme Court's decision in Cook, we find no merit to defendant's ex post facto/retroactive constitutional arguments.
Defendant's Assignment of Error I is overruled.
The following assignments of error will be discussed together because they all relate to the identical constitutional issues recently addressed by this Court in reviewing H.B. 180.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESS," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISION OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
 XI. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO AN OFFENSE PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
On January 28, 1999, this Court decided State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, which addressed and overruled the identical constitutional issues raised by the foregoing assignments of error. We adopt the discussion contained in Ward on these constitutional issues and follow same in the disposition of the foregoing assignments of error.
Defendant's Assignments of Error II, IV, V, VI, VII, VIII, IX, X and XI are overruled.
We will separately consider the remaining assignment of error which presents factual and evidentiary issues distinct from theWard case.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Defendant argues that there is a qualitative burden of proof on the State to establish by clear and convincing evidence that defendant is likely to commit future sexual offenses and that his "old conviction data" was not sufficient to meet this burden. This argument goes to the sufficiency of the evidence. We adopt and incorporate by reference that portion of ourWard decision which generally discusses the State's burden of proof and the factors the court shall take into consideration in reaching a sexual predator determination. See Ward, supra,
at 8-15. However, Ward is factually distinguishable from the present case because we found there that the trial court "believed that it could determine defendant to be a sexual predator solely on facts arising from the underlying sexual offense." Ward, supra, at 14. We are confronted with a more explicit record in the instant case.
An offender is a sexual predator as defined by statute if he has been convicted of at least one sexually oriented offense and is found "likely" to commit another in the future. The determination that an offender is a sexual predator must be based on clear and convincing evidence. R.C. 2950.09(B) (3). Thus, the law permits the adjudication of an individual as a sexual predator based solely upon one conviction and consideration of the factors set forth in R. C. 2950.09(B)) 2). Eight of the ten factors set forth in R. C. 2950.09(B) (2) involve what may be considered "old conviction data,"i.e., information available at the time of the original sentencing.
The court in State v. Ferris (Sept. 8, 1998), Warren App. No. CA98-03-035, unreported at 5, addressed this same argument and held that a finding that an offender is a sexual predator based on old conviction data is appropriate.
 Appellant argues that evidence of the facts underlying his previous convictions is not appropriate evidence to support a finding that he is a sexual predator because this evidence is not probative of his likelihood to commit sexual offenses in the future. However, this court has stated that "in determining an offender's propensity to commit future sex offenses, the trier of fact can use past behavior to gage future propensity to commit crimes since past behavior is often an indicator of future violent tendencies." State v. Striley (December 29, 1997), Clermont App. No. CA97-05-046, unreported at 5, citing State v. Bartis (December 9, 1997), Franklin App. No. 97APA05-600, unreported. Likewise the United States Supreme Court has stated that "previous instances of violent behavior are an important indicator of future violent tendencies." Kansas v. Hendricks
(1997), 117 S.Ct. 2072, 2080. See, also, State v. Naegele (January 12, 1998), Clermont App. No. CA97-04-043, unreported.
Furthermore, the Supreme Court in Cook endorsed the use of such information when it stated that "reliable hearsay, such as a presentence investigation report, may be relied on by the trial judge" in making a sexual predator determination. Cook,supra, at 425.
At defendant's sexual predator hearing herein, evidence was presented by the prosecutor in the form of the defendant's previous indictment and plea; social worker records regarding the victims' statements; medical records respecting treatment of the victims; and the presentence investigation report. This evidence revealed that the defendant pled guilty to one count of rape; the victims were his two twin daughters who were four years old at the time of the offense; the defendant engaged in sexual conduct with the children by vaginally and anally raping them over a period of time; he threatened to kill one of the girls if she told anyone; and he had a prior conviction for selling marijuana. Therefore, the trial court appropriately considered the relevant factors listed in R.C.2950.09(B)(2)(a)-(j): including the age of the victims, the fact that the conduct involved more than one victim; the pattern of abuse; the defendant's prior criminal record; the nature of the sexual conduct; and the fact that the defendant made a threat of cruelty. Based on this record, we cannot say the trial court failed to find the defendant to be a sexual predator based on clear and convincing evidence.
Defendant's Assignment of Error III is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, J., and TIMOTHY E. McMONAGLE, J, CONCUR.
 _______________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE
N.B. This entry is an announcement of the court's decision. See App. R. 22(B), 22(D) and 26(A); Loc.App.R. 27. This decision will be journalized and will become the judgment and order of the court pursuant to App. R. 22(E) unless a motion for reconsideration with supporting brief, per App. R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App. R. 22(E). See, also, S.Ct.Prac.R. 112, Section 2(A)(1).